UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LAWRENCE J. SKROBOT, | ) |
| JAMES ROBERT THOMAS, | ) |
| VARENA MCCLOUD, | ) |
| CHARLENE BATALLA, | ) |
| HATTIE BROOKS, | ) |
| DONALD THOMAS, | ) |
| JONATHON MARCHETTI, | ) |
| JOSEPH GREEN III, | ) |
| JOSEPH MILLER, | ) |
| ALFREDO HILADO, | ) |
| JOHNNY WHITE, | ) |
| DIANE ROBINSON, | ) |
| JOHN LEWIS, | ) |
| JAMES GREEN, | ) |
| CHRISTOPHER MARCHETTI, | ) |
| KARL ALLEN, | ) |
| ALONZO BRAZIEL and | ) |
| KEVIN EARL | ) |

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

**08CR 0107**

No.
Judge   **JUDGE BUCKLO**

Violations: Title 18, United States
Code, Sections 1341, 1343, 1957 and 2

**FILED**

FEB - 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

COUNT ONE

The SPECIAL AUGUST 2006-1 GRAND JURY charges:

1.    At times material to this indictment:

       a.     Defendant LAWRENCE J. SKROBOT engaged in the business of buying and reselling real estate in the Chicago area ("the SKROBOT residences").

       b.     Equity Express and Company A were mortgage brokerage companies located in the Northern District of Illinois.

       c.     Defendants JAMES ROBERT THOMAS, DONALD THOMAS, JONATHON MARCHETTI, JOSEPH GREEN III, and CHRISTOPHER MARCHETTI

rehabilitated some of the SKROBOT residences and recruited persons to act as buyers of the SKROBOT residences.

d.      Defendants VARENA MCCLOUD and CHARLENE BATALLA were employed by Equity Express as a loan officer and a loan processor, respectively, and, as such, transmitted loan applications and documents supporting loan applications to mortgage lenders.

e.      Defendant JOSEPH MILLER was employed by Company A as a loan officer and, as such, transmitted loan applications and documents supporting loan applications to mortgage lenders.

f.      Defendant HATTIE BROOKS operated Ezra, Inc., a property management company.

g.      Defendants ALFREDO HILADO, JAMES GREEN AND ALONZO BRAZIEL were persons who acted as buyers of the SKROBOT residences.

h.      Defendant JOHNNY WHITE owned and operated Company B.

i.      Defendant DIANE ROBINSON was a licensed real estate agent.

j.      Defendant JOHN LEWIS was a tax practitioner.

k.      Defendant KARL ALLEN was a licensed accountant.

l.      Defendant KEVIN EARL was a contract employee at Company C.

m.      Fremont Investment & Loan was a financial institution, the deposits of which were then insured by the FDIC. BNC Mortgage was a wholly-owned subsidiary of Lehman Brothers Bank, the deposits of which were then insured by the FDIC. Finance America was a subsidiary of BNC Mortgage. Long Beach Mortgage was a mortgage lending division of Washington Mutual Bank, a financial institution, the deposits of which were then insured by the FDIC.

2

n.       Argent Mortgage Company and People's Choice Home Loan were mortgage

companies engaged in the business of issuing mortgage loans for the purchase of residential property.

2.       Beginning in or about January 2003 and continuing through in or about November

2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
JAMES ROBERT THOMAS,
VARENA MCCLOUD,
CHARLENE BATALLA,
HATTIE BROOKS,
DONALD THOMAS,
JONATHON MARCHETTI,
JOSEPH GREEN III,
JOSEPH MILLER,
ALFREDO HILADO,
JOHNNY WHITE,
DIANE ROBINSON,
JOHN LEWIS,
JAMES GREEN,
CHRISTOPHER MARCHETTI,
KARL ALLEN,
ALONZO BRAZIEL and
KEVIN EARL,

defendants herein, together with others known and unknown to the grand jury, knowingly devised,

attempted to devise, and participated in a scheme to defraud and to obtain money and property

owned by and under the custody and control of banks and lenders, including: BNC Mortgage,

Fremont Investment & Loan, Finance America, Long Beach Mortgage, a subsidiary of Washington

Mutual Bank, Argent Mortgage Company and People's Choice Home Loan (hereinafter referred to

collectively as "lenders") by means of materially false and fraudulent pretenses, representations, and

promises, as described below.

3.       It was part of the scheme that defendant SKROBOT directly or through the use of

other individuals purchased the following SKROBOT residences:

3

155 E. 153rd Street, Harvey, Illinois
1920 Circle Street, Chicago Heights, Illinois
24 E. 23rd Street, Chicago Heights, Illinois
594 Andover Drive, Chicago Heights, Illinois
343 26th Street, Chicago Heights, Illinois
49 W. Mceldowney Street, Chicago Heights, Illinois
14820-22 S. Hoyne Ave., Harvey, Illinois
1430 Portland Avenue, Chicago Heights, Illinois
7321 S. Evans Avenue, Chicago, Illinois
1640 Butler Street, Chicago Heights, Illinois
1654 Euclid Ave., Chicago Heights, Illinois
13302 S. Francisco Avenue, Robbins, Illinois
14930 E. Riverside, Harvey, Illinois
5708 S. Normal Blvd., Chicago, Illinois
7134 S. Cornell Avenue, Chicago, Illinois

4.    It was further part of the scheme that defendants LAWRENCE SKROBOT, JAMES

ROBERT THOMAS, DONALD THOMAS, JONATHON MARCHETTI, JOSEPH GREEN III and

CHRISTOPHER MARCHETTI and others recruited individuals to buy the SKROBOT residences

by promising potential buyers they would not have to use any of their own money for down payments

or earnest money deposits, that the properties were ready for occupancy, that they would be paid

money to act as buyers and attend the closings, and in some instances, by representing to the buyers

that they would not have to make any payments on either the mortgages or seller second notes

executed in connection with the sales of the SKROBOT residences.

5.    It was further part of the scheme that defendants LAWRENCE SKROBOT, JAMES

ROBERT THOMAS and others referred the buyers to defendants VARENA MCCLOUD and

CHARLENE BATALLA at Equity Express, and to JOSEPH MILLER at Company A, so mortgage

loan applications could be prepared.

6.    It was further part of the scheme that defendants LAWRENCE SKROBOT, JAMES

ROBERT THOMAS, VARENA MCCLOUD, CHARLENE BATALLA and JOSEPH MILLER

4

prepared, and caused others to prepare, mortgage loan application packages on behalf of buyers of the SKROBOT residences, which were fraudulent in that they contained a variety of false statements designed to induce the lenders to issue mortgage loans to buyers who were not otherwise qualified for such loans, namely, false statements regarding the buyers' employment, income, assets and liabilities and intention to occupy the premises.

7.    It was further part of the scheme that in connection with some of the sales of the SKROBOT residences, defendant SKROBOT issued false seller second mortgages and notes, purporting to loan the buyers funds to be applied toward the purchase of the property and which were to be repaid, when in fact, defendant SKROBOT and the buyers had an agreement that neither the seller second mortgage or note would be repaid in any part.

8.    It was further part of the scheme that defendants LAWRENCE J. SKROBOT, JAMES ROBERT THOMAS, VARENA MCCLOUD, CHARLENE BATALLA, HATTIE BROOKS, DONALD THOMAS, JONATHON MARCHETTI, JOSEPH GREEN III, JOSEPH MILLER, ALFREDO HILADO, JOHNNY WHITE, DIANE ROBINSON, JOHN LEWIS, JAMES GREEN, CHRISTOPHER MARCHETTI, KARL ALLEN, ALONZO BRAZIEL and KEVIN EARL created, and caused others to create, false W-2 Wage and Tax Statements ("W-2s"), false earnings statements, false verifications of employment ("VOEs"), false verifications of rent ("VORs") and false leases to support the false statements in the loan applications regarding the buyers' employment and income; and false verifications of deposit ("VODs") to support the false representations in the loan applications regarding the amount of money and source of the deposits in the buyers' bank accounts.

9.    It was further part of the scheme that some fraudulent mortgage loan packages

5

submitted to lenders misrepresented that the buyers had paid rent for properties managed by a property management company called Ezra, Inc., when in fact that company did not manage the properties at issue, and the buyers did not rent property through it.

10.     It was further part of the scheme that defendants LAWRENCE SKROBOT, JAMES ROBERT THOMAS, DONALD THOMAS, JONATHON MARCHETTI, JOSEPH GREEN III, CHRISTOPHER MARCHETTI, ALFREDO HILADO, JAMES GREEN and ALONZO BRAZIEL submitted, and caused others to submit, loan application packages to lenders containing, among other things, loan applications containing false statements, and false supporting documents, namely, the W-2s, earnings statements, VOEs, VODs, VORs and leases described above, well knowing the false statements in these documents were material to the lenders' decisions to issue mortgage loans to buyers of the SKROBOT residences, and were made for the purpose of inducing the lenders to issue loans to individuals who were not qualified for the loans.

11.     It was further part of the scheme that defendant SKROBOT provided, and caused others to provide, down payment and earnest money checks for the buyers of the SKROBOT residences which were false in that the checks listed the buyers as remitters, when in fact the buyers were not remitters and had not contributed any money toward a down payment or earnest money and caused these false down payment and earnest money checks to be presented at closings to deceive lenders by creating the false impression that the buyers had made down payments and had paid earnest money.

12.     It was further part of the scheme that defendants ALFREDO HILADO, JAMES GREEN and ALONZO BRAZIEL acted as buyers of the SKROBOT residences well knowing the mortgage loans funding their respective purchases of the SKROBOT residences were the result of

6

false statements to the mortgage lender.

13.     It was further part of the scheme that defendants LAWRENCE SKROBOT, JAMES ROBERT THOMAS, DONALD THOMAS, JONATHON MARCHETTI and CHRISTOPHER MARCHETTI received the proceeds of mortgage loans that lenders issued to buyers of the SKROBOT residences on or near the dates of the closings of the SKROBOT residences sales and used these loan proceeds to enrich themselves and to keep the scheme going by using the funds to buy and sell more property.

14.     It was further part of the scheme that defendants LAWRENCE SKROBOT, JAMES ROBERT THOMAS, VARENA MCCLOUD, CHARLENE BATALLA, HATTIE BROOKS, DONALD THOMAS, JONATHON MARCHETTI, JOSEPH GREEN III, JOSEPH MILLER, ALFREDO HILADO, JOHNNY WHITE, DIANE ROBINSON, JOHN LEWIS, JAMES GREEN, CHRISTOPHER MARCHETTI, KARL ALLEN, ALONZO BRAZIEL, KEVIN EARL and others, concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

15.     As a result of the fraudulent acts of defendants LAWRENCE SKROBOT, JAMES ROBERT THOMAS, VARENA MCCLOUD, CHARLENE BATALLA, HATTIE BROOKS, DONALD THOMAS, JONATHON MARCHETTI, JOSEPH GREEN III, JOSEPH MILLER, ALFREDO HILADO, JOHNNY WHITE, DIANE ROBINSON, JOHN LEWIS, JAMES GREEN, CHRISTOPHER MARCHETTI, KARL ALLEN, ALONZO BRAZIEL and KEVIN EARL, and others, the lenders issued mortgage loans to buyers of the SKROBOT residences in an amount totaling more than $7,200,000, and incurred losses on the mortgage loans because they were not repaid by the borrowers and because at least some of the SKROBOT residences buildings were

abandoned or in poor condition.

16.     On or about June 23, 2005, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> JONATHON MARCHETTI,
> JOSEPH MILLER and
> ALFREDO HILADO,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs and signals, namely, a funds transfer in the amount of approximately $107,931 from Fremont Investment & Loan in Brea, California, to JP Morgan Chase in New York, New York, for credit to the account of Stewart Title of Illinois, which funds transfer represented the proceeds of a mortgage loan issued to defendant ALFREDO HILADO for the purchase of a residence located at 1920 Circle Street, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about April 26, 2005, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES ROBERT THOMAS,
VARENA MCCLOUD,
CHARLENE BATALLA,
HATTIE BROOKS,
JOSEPH GREEN III,
DIANE ROBINSON, and
JAMES GREEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $72,250 from Deutsche Bank in New York, New York, to Bank One in Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to defendant JAMES GREEN for the purchase of a residence located at 1418 Portland, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

9

## COUNT THREE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about September 10, 2004, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> JAMES ROBERT THOMAS,
> VARENA MCCLOUD,
> CHARLENE BATALLA and
> HATTIE BROOKS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain wirings, signs, and signals, namely, a funds transfer in the amount of approximately $74,318 from Deutsche Bank in New York, New York, to Bank One, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to Buyer A for the purchase of a residence located at 14930 E. Riverside, Harvey, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

10

## COUNT FOUR

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about September 27, 2005, at Matteson, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
DONALD THOMAS and
JOSEPH GREEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $305,000 from Washington Mutual Bank in Anaheim, California to American Chartered Bank, Schaumburg, Illinois, for credit to the account of Law Title Insurance Agency, which funds transfer represented the proceeds of a mortgage loan issued to Buyer B for the purchase of a residence located at 7134 S. Cornell Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

11

## COUNT FIVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about February 25, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> JAMES ROBERT THOMAS,
> VARENA MCCLOUD,
> CHARLENE BATALLA,
> HATTIE BROOKS,
> JOSEPH GREEN III,
> DIANE ROBINSON,
> JAMES GREEN, and
> KEVIN EARL,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $123,046 from Deutsche Bank, New York, New York, to Bank One, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to defendant JAMES GREEN for the purchase of a residence located at 6851 S. Prairie Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

12

## COUNT SIX

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about April 11, 2005, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

JAMES ROBERT THOMAS,
VARENA MCCLOUD,
CHARLENE BATALLA,
HATTIE BROOKS,
JOSEPH GREEN III,
DIANE ROBINSON, and
JAMES GREEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $104,933 from Deutsche Bank, New York, New York, to Bank One, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to defendant JAMES GREEN for the purchase of a residence located at 8544 S. Givins Court, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

13

## COUNT SEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about April 29, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
JAMES ROBERT THOMAS,
VARENA MCCLOUD,
CHARLENE BATALLA,
HATTIE BROOKS,
JOSEPH GREEN III,
DIANE ROBINSON,
JAMES GREEN, and
KEVIN EARL,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $71,557 from Deutsche Bank, New York, New York, to Bank One, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to defendant JAMES GREEN for the purchase of a residence located at 155 E. 153rd Street, Harvey, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

14

## COUNT EIGHT

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about August 26, 2005, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> JONATHON MARCHETTI,
> JOSEPH MILLER and
> ALFREDO HILADO,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $116,153 from Deutschebank, New York, New York, to JP Morgan Chase, Chicago, Illinois, for credit to the account of Stewart Title of Illinois, which funds transfer represented the proceeds of a mortgage loan issued to defendant ALFREDO HILADO for the purchase of a residence located at 24 E. 23rd Street, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

15

## COUNT NINE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about October 24, 2005, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
JONATHON MARCHETTI,
JOSEPH MILLER and
ALFREDO HILADO,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $84,711 from Deutschebank, New York, New York, to JP Morgan Chase, Chicago, Illinois, for credit to the account of Stewart Title of Illinois, which funds transfer represented the proceeds of a mortgage loan issued to defendant ALFREDO HILADO for the purchase of a residence located at 594 Andover Drive, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

16

## COUNT TEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about September 23, 2005, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
JOSEPH MILLER, and
CHRISTOPHER MARCHETTI,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $100,505 from Deutsche Bank, New York, to JP Morgan Chase, Chicago, Illinois, for credit to the account of Stewart Title of Illinois, which funds transfer represented the proceeds of a mortgage loan issued to defendant CHRISTOPHER MARCHETTI for the purchase of a residence located at 343 26th Street, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT ELEVEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.    The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby

realleged and incorporated herein by reference.

2.    On or about June 13, 2005, at Chicago, in the Northern District of Illinois, Eastern

Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> JAMES ROBERT THOMAS,
> VARENA MCCLOUD,
> CHARLENE BATALLA,
> HATTIE BROOKS,
> JOHNNY WHITE and
> KARL ALLEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to

be transmitted by means of wire communication in interstate commerce, certain writings, signs, and

signals, namely, a funds transfer in the amount of approximately $84,537 from Deutsche Bank, New

York, to LaSalle Bank, Carol Stream, Illinois, for credit to the account of Metropolitan Title

Company, which funds transfer represented the proceeds of a mortgage loan issued to Buyer C for

the purchase of a residence located at 1640 Butler Street, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWELVE

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about June 28, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> JAMES ROBERT THOMAS,
> VARENA MCCLOUD,
> CHARLENE BATALLA,
> HATTIE BROOKS,
> JOHNNY WHITE and
> KARL ALLEN,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $147,775 from Deutsche Bank, New York, to JP Morgan Chase Bank, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to Buyer C for the purchase of a residence located at 1654 Euclid Avenue, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2. On or about January 22, 2004, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
DONALD THOMAS and
JOHN LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $56,372 from Deutsche Bank, New York, to Bank One, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to defendant DONALD THOMAS for the purchase of a residence located at 13302 S. Francisco Avenue, Robbins, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FOURTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about February 6, 2004, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DONALD THOMAS and
### JOHN LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $68,319 from Deutsche Bank, New York, to Bank One, Chicago, Illinois, for credit to the account of Stewart Title of Illinois, which funds transfer represented the proceeds of a mortgage loan issued to defendant DONALD THOMAS for the purchase of a residence located at 14611 S. Justine, Harvey, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIFTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about May 18, 2005, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> VARENA MCCLOUD,
> CHARLENE BATALLA,
> HATTIE BROOKS,
> DONALD THOMAS,
> JOSEPH GREEN and
> JOHN LEWIS,

defendants herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a funds transfer in the amount of approximately $126,253 from Deutsche Bank, New York, to Bank One, Chicago, Illinois, for credit to the account of First American Title Insurance Company, which funds transfer represented the proceeds of a mortgage loan issued to Buyer D for the purchase of a residence located at 5708 S. Normal Blvd., Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343 and 2.

22

## COUNT SIXTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about October 13, 2005, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
JOSEPH MILLER, and
CHRISTOPHER MARCHETTI,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly sent and caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act ("RESPA") letter addressed to defendant CHRISTOPHER MARCHETTI, 1320 Edgewood Avenue, Chicago Heights, Illinois, disclosing various terms of the loan he sought for the purchase of a residence located at 49 W. Mceldowney Street, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SEVENTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about December 8, 2004, at Tinley Park, in the Northern District of Illinois, Eastern Division, and elsewhere,

LAWRENCE J. SKROBOT,
DONALD THOMAS,
JOSEPH MILLER,
JOHN LEWIS, and
ALONZO BRAZIEL,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly sent and caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act ("RESPA") letter addressed to defendant ALONZO BRAZIEL, 14820-22 S. Hoyne, Harvey, Illinois, disclosing various terms of the loan he sought for the purchase of a residence located at 14820-22 S. Hoyne Street, Harvey, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

24

## COUNT EIGHTEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about January 4, 2005, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> JAMES ROBERT THOMAS,
> DONALD THOMAS,
> JOSEPH MILLER,
> JOHN LEWIS, and
> ALONZO BRAZIEL,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly sent and caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act ("RESPA") letter addressed to defendant ALONZO BRAZIEL, 8148 S. Albany, Chicago, Illinois, disclosing various terms of the loan he sought for the purchase of a residence located at 1430 Portland Avenue, Chicago Heights, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

25

## COUNT NINETEEN

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about January 26, 2005, at Homewood, in the Northern District of Illinois, Eastern Division, and elsewhere,

> LAWRENCE J. SKROBOT,
> DONALD THOMAS,
> JOSEPH MILLER,
> JOHN LEWIS, and
> ALONZO BRAZIEL,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, knowingly sent and caused to be sent and delivered by the United States Postal Service, according to the directions thereon, a Real Estate Settlement Procedures Act ("RESPA") letter addressed to defendant ALONZO BRAZIEL, 14820 S. Hoyne, Harvey, Illinois, disclosing various terms of the loan he sought for the purchase of a residence located at 7321 S. Evans Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

26

## COUNT TWENTY

The AUGUST 2006-1 GRAND JURY further alleges:

1.    The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.    On or about January 7, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### LAWRENCE J. SKROBOT,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant withdrew $36,405.25 from JP Morgan Chase account no. XXXXXXXXXXX7077 in the form of check no. 3510 made payable to "cash," which money was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957.

### COUNT TWENTY-ONE

The AUGUST 2006-1 GRAND JURY further alleges:

1.     The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.     On or about February 7, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### LAWRENCE J. SKROBOT,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant withdrew $34,075 from JP Morgan Chase account no. XXXXXXXXXXXX7077 in the form of check no. 3643 made payable to "Jonathon Marchetti," which money was derived from specified unlawful activity, namely, mail fraud, in violation of Title 18, United States Code, Section 1341;

In violation of Title 18, United States Code, Section 1957.

## COUNT TWENTY-TWO

The AUGUST 2006-1 GRAND JURY further alleges:

1.      The allegations in paragraphs 1 through 15 of Count One of this indictment are hereby realleged and incorporated herein by reference.

2.      On or about April 29, 2005, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### LAWRENCE J. SKROBOT,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant withdrew $19,000 in cash from JP Morgan Chase account no. XXXXXXXXXXX7077, which money was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343;

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION ONE

The SPECIAL AUGUST 2006-1 GRAND JURY further alleges:

1.     The allegations in Counts One through Nineteen of this superseding indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

2.     As a result of their violations of Title 18, United States Code, Sections 1341 and 1343, as alleged in Counts One through Nineteen,

> LAWRENCE J. SKROBOT,
> JAMES ROBERT THOMAS,
> VARENA MCCLOUD,
> CHARLENE BATALLA,
> HATTIE BROOKS,
> DONALD THOMAS,
> JONATHON MARCHETTI,
> JOSEPH GREEN III,
> JOSEPH MILLER,
> ALFREDO HILADO,
> JOHNNY WHITE,
> DIANE ROBINSON,
> JOHN LEWIS,
> JAMES GREEN,
> CHRISTOPHER MARCHETTI,
> KARL ALLEN,
> ALONZO BRAZIEL and
> KEVIN EARL,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest they may have in any property constituting, and derived from, proceeds they obtained directly or indirectly as the result of such violations.

3.     The interests of defendants subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(2), include the sum of approximately $7,200,000.

4.     If any of the forfeitable property described above, as a result of any act or omission

by defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1);

All pursuant to Title 18, United States Code, Section 982(a)(2).

### FORFEITURE ALLEGATION TWO

The SPECIAL AUGUST 2006-1 GRAND JURY further charges:

1.      The allegations contained in Counts Twenty through Twenty-Two of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

2.      As a result of his violations of Title 18, United States Code, Section 1957, as alleged in Counts Twenty through Twenty-Two of the foregoing Indictment,

### LAWRENCE J. SKROBOT,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest defendant has in any property, real and personal, involved in such offenses and any property traceable to such property.

3.      The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982 includes $89,480.25.

4.      If any of the property subject to forfeiture described above, as a result of any act or omission by the defendant:

        (a)      Cannot be located upon the exercise of due diligence;

        (b)      Has been transferred or sold to, or deposited with, a third party;

        (c)      Has been placed beyond the jurisdiction of the Court;

        (d)      Has been substantially diminished in value; or

        (e)      Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY