UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08 CR 0107 |
| | ) | Judge Elaine Bucklo |
| JAMES GREEN, et al. | ) | |
| Defendant | ) | |

**MOTION FOR PRODUCTION OF FAVORABLE EVIDENCE**

Now comes the Defendant, JAMES GREEN, by and through his attorney, Ralph J.

Schindler, Jr., and does move this Honorable Court pursuant to the Fifth and Sixth Amendments

to the Constitution of the United States, and the principles enunciated in *Brady v. Maryland*, 373

U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Aguurs v. United States,* 427 U.S.

97 (1976), and *United States v. Bagley*, 473 U.S. 667 (1986), respectfully moves for the entry of

an order requiring the government to disclose immediately any previously undisclosed evidence

or information known to the government or in its possession, custody, or control, the existence of

which is known or by the exercise of reasonable diligence may become known, that is favorable

to the defendant and is material to the issues of Defendant's guilt, innocence, or sentencing, or

which bears upon the credibility of a government witness.

The information requested specifically includes, but is not limited to the following:

1. Any and all grants of immunity, favors, or promises of any kind, made to any
witness in connection with obtaining his or her testimony or assistance. This includes any
plea agreement entered into between the government and the witness, as a result of which
the witness is testifying against Defendant in this case, or on behalf of the government at
any other trial, grand jury or other proceedings, or is otherwise furnishing information to
the government. Also requested are any requests for authorization from the Department
of Justice to apply for compulsion orders in which the government attorneys, in setting
forth the basis for said request, referred to suspicions or allegations of the government, or
its agencies, with respect to the involvement of the witness in the allegations set forth in

the indictment.

2.  Any assistance, financial or otherwise, provided by any attorney or agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state or local government.

3.  The criminal identification and history sheet of each potential government witness.

4.  Any criminal charges pending against any potential government witness which have not been disposed of either by conviction or acquittal.

5.  Any criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction.

6.  All mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses insofar as said reports relate to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell and relate facts which occur in their presence as such is in the possession, custody or control or is known to the government or as may become so known through the exercise of due diligence on the part of the government.

7.  Any handwritten notes, made contemporaneously or otherwise, memoranda, correspondence, transcripts, statements or other memorializations pertaining to persons interviewed by the government who claimed to have knowledge or information concerning the allegations set forth in the indictment, in which the witness or interviewee stated in substance that he or she was unaware of Defendant's involvement in the allegations set forth in the indictment, or that the activities in which Defendant is alleged to have participated did not take place.

8.  Any handwritten notes, Forms 306 or other notations regarding Proffer Meetings or offers of Cooperation by any current or former co-defendants in this case or any previous case wherein the Defendant's involvement in such case was discussed by such witness.

9.  Regarding any Confidential Informant to be used at trial it is requested that the following information, or its equivalent if an agency other than the Drug Enforcement Agency is involved in the handling of a Confidential Informant, regarding such CI be provided immediately:
        a.  DEA Form 356, CI Payment Record.
        b.  DEA Form 202, CI Establishment Report, plus any other documents connected with the informant's establishment.
        c.  DEA Form 473, cooperating individual Agreement.
        d.  DEA Form 103, Voucher for Payment for Information and Purchase of

Evidence.

e. Copies of all debriefing reports regarding this case.

f. Copies of case initiation reports bearing on the utilization of the CI.

g. Copies of statements signed by the CI.

h. Any administrative correspondence pertaining to the informant, including documentation of any representations made on his behalf or any other non-monetary consideration furnished.

i. Any deactivation report or declaration of an unsatisfactory CI.

In its Rule 16.1 letter, the government has acknowledged its obligation to disclose all evidence favorable to the accused. However, Defendant believes that this motion regarding favorable evidence, in this specificity, is necessitated by the Supreme Court's decisions in *Agurs*, supra, and *Bagley*, *supra*, 473 U.S. 667 (1985), in which the Court, in enunciating the standard of review to be applied in cases of non-disclosure of favorable evidence, distinguished between cases in which specific requests for such information were made prior to trial and cases where general requests or no requests were made. In *Bagley*, the Court held that the test for materiality of such non-disclosed evidence was the same whether specifically requested or not; i.e., the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.

The *Bagley* Court recognized, however, that "the more specifically the defense requests certain evidence, thus putting the prosecutor on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pretrial and trial decisions on the basis of this assumption." *Bagley*, *supra*, at 473 U.S. 682-683. Therefore, pursuant to the Court's admonition, "[t]he reviewing court should assess the possibility that [the preparation or presentation of the defendant's case may have been adversely affected] in light of the totality of the circumstances and with the awareness of the difficulty of

3

reconstructing in a post-trial proceeding the course that the defense and the trial would have taken had the defense not been misled by the prosecutor's incomplete response." 443 U.S. at 683.

It is requested that the Court's Order, requiring the government to produce such evidence immediately, also provide that the government is under a continuing obligation to furnish all evidence which comes to its attention during the preparation and trial of this case.  This information is necessary well in advance of trial so that Defendant may adequately prepare for trial pursuant to his Sixth Amendment right to effective assistance of counsel.

WHEREFORE, Defendant prays for the entry of an order requiring the government to disclose immediately any previously undisclosed evidence or information known to the government or in its possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is favorable to the defendant and is material to the issues of Defendant's guilt as described above.

Respectfully Submitted,

/s/ Ralph J. Schindler, Jr.

_____
Ralph J. Schindler, Jr.
Attorney for JAMES GREEN

Law Office of Ralph J. Schindler, Jr.
53 West Jackson Boulevard, Suite 818
Chicago, IL 60604
(312) 554-1040
Attorney No.: 2484471